**IN THE UNITED STATES DISTRICT COURT
FOR THE DISTRICT OF COLORADO
Judge Christine M. Arguello**

Civil Action No. 14-cv-02376-CMA-BNB

ROBERT STEELE,

      Plaintiff,

v.

STALLION ROCKIES LTD,
STALLION OILFIELD SERVICES LTD,

      Defendants.

_____

**ORDER ADOPTING AND AFFIRMING MAY 7, 2015 RECOMMENDATION OF
UNITED STATES MAGISTRATE JUDGE**
_____

This employment discrimination case was referred to United States Magistrate

Judge Nina Y. Wang pursuant to 28 U.S.C. § 636.  On May 7, 2015, Magistrate Judge

Wang issued a Report and Recommendation concerning Stallion Rockies, Ltd.'s and

Stallion Oilfield Services Ltd.'s ("Defendants'" or "Stallion's") Motion to Dismiss (Doc.

# 58.)  Judge Wang recommended that all claims be dismissed with prejudice.  (*See id.*)

## I.  BACKGROUND

The factual and procedural background of this matter is set out at length in

Magistrate Judge Wang's thorough Recommendation, and the Court incorporates that

recitation herein.  As such, this Court provides only a brief overview of the facts and

procedural history and will expand on them, when necessary, within the analysis.

Plaintiff Robert Steele worked as a truck driver at Stallion's facility in Rifle,

Colorado, driving a company truck between various work sites and performing

maintenance work.  (Doc. #4, ¶ 15.)  He was 47 years old at the time of his termination, and suffered from diagnosed Lumbar Degenerative disease.  (*Id.*, ¶¶ 12, 17.)  He alleges that Stallion was aware of his back condition and also aware that he utilized medical marijuana and was listed in the Colorado Medical Marijuana Registry.  (*Id.*)

In March of 2013, Stallion hired a third-party company to administer "across-the-board" drug tests at its Rifle facility, and the results of Plaintiff's test were indeterminate due to a malfunctioning in the testing mechanism.  (*Id.*, ¶¶ 25-27.)  Stallion maintains a Drug and Alcohol Policy in its Handbook prohibiting the off-the-job use of controlled substances interfering with job performance and testing positive for such substances at work.  (*Id.,* ¶ 37.)  Plaintiff was asked to retake the test "wherein he would be observed," whereas a management employee whose test results were similarly indeterminate was asked to retake the test at a later time.  (*Id.*, ¶¶ 29-30.)  Plaintiff entered the Operation Manager's office to retake his drug test and informed Anderson, a Regional Safety Manager for Stallion who did not work at the Rifle facility, that "he was a Medical Marijuana Participant and had been since before his employment with Stallion."  (*Id.*, ¶ 31.)  Anderson responded by telling Plaintiff that his employment was terminated for his violation of the drug and alcohol policy.  (*Id.*, ¶¶ 39, 43.)  Plaintiff alleges that he was terminated "for reminding Stallion Management of his status as a registered member in the Colorado Medical Marijuana Registry" or "because of his possession of a medical marijuana card."  (*Id.*)

Plaintiff filed this lawsuit in the District Court, City and County of Denver, on August 4, 2014, asserting state and federal claims of employment discrimination under the Age Discrimination in Employment Act ("ADEA"), the Americans with Disabilities Act

("ADA"), and the Colorado Anti-Discrimination Act ("CADA").  (Doc. # 4.)  Plaintiff's

Complaint also asserted a claim that Plaintiff styled "Wrongful Termination for Breach of

Implied Contract."[1]  (*Id.*)  Defendants removed the action to this Court (Doc. # 1) and

filed the instant Motion to Dismiss (Doc. # 19.)

   In her recommendation, Magistrate Judge Wang found that Plaintiff failed to

plead facts to plausibly establish that Defendants were liable for age or disability

discrimination, under either federal or Colorado state law.  (Doc. # 58 at 8-13.)  She

recommended that these claims be dismissed with prejudice.  (*Id.*)  Likewise, she found

that Plaintiff failed to state a breach of contract claim, and made the same

recommendation with respect to that claim.  (*Id.* at 14-17.)  On May 14, 2015, Plaintiff

filed timely objections to several aspects of the Recommendation.  (Doc. # 59.)

## II.  STANDARD OF REVIEW

   When a magistrate judge issues a recommendation on a dispositive matter,

Federal Rule of Civil Procedure 72(b)(3) requires that the district court judge "determine

*de novo* any part of the magistrate judge's [recommendation] that has been properly

objected to."  Fed. R. Civ. P. 72(b)(3).  In conducting its review, "[t]he district court judge

may accept, reject, or modify the recommendation; receive further evidence; or return

the matter to the magistrate judge with instructions."  *Id.*  The Court has conducted the

requisite *de novo* review of the issues and the relevant pleadings, including the

Recommendation and Plaintiff's objections thereto.

---

[1] Plaintiff's initial Complaint also asserted a claim of tortious interference with contract against individual Defendants Anthony "Bart" Steele and Scott Anderson; however, pursuant to stipulation, both men were dismissed in April of 2015 as parties, along with the claim for tortious interference of contract.  (Doc. # 52.)

Dismissal for failure to state a claim, "without affording the plaintiff notice or an opportunity to amend is proper only 'when it is patently obvious that plaintiff could not prevail on the facts alleged, and allowing him an opportunity to amend his complaint would be futile.'" *Curley v. Perry*, 246 F.3d 1278, 1281-82 (10th Cir. 2001) (internal quotation marks and citation omitted).

### III.  ANALYSIS

Plaintiff asserts that Magistrate Judge Wang erred in four respects:[2] (1) she applied the incorrect burden of proof in deciding whether Plaintiff plausibly alleged disability and age discrimination (i.e., he asserts that she applied the more stringent trial burden); (2) she erroneously required that Plaintiff show that his age was a "but for" cause of his termination, rather than "the factor that made the difference," and she also discounted evidence demonstrating a plausible connection between his age and his termination; (3) she discounted evidence that Plaintiff was disabled and also that he was terminated as the result of his disability; and (4) she applied the wrong legal standard and improperly concluded that Plaintiff failed to plausibly allege an implied breach of contract claim.  The Court considers these objections in turn.

---

[2] Plaintiff also "objects to that portion of Magistrate Judge Wang's analysis concerning events prior to November 8, 2012, or events pre-dating Stallion's Chapter 11 Bankruptcy reorganization in February 2010," with a single-sentence argument: "Plaintiff's Complaint makes no such Claim and Defendant's efforts at raising an issue not pled, need not have been addressed [Complaint, ¶¶ 44-83, pp.9-25] which are not specifically referenced in Document 58, pp.6-7." (Doc. # 59 at 4) (brackets in original).  The Court construes this argument as best it can.  To the extent that Plaintiff is arguing that Magistrate Judge Wang need not have included analysis regarding the administrative exhaustion of Plaintiff's claims, this argument fails.  Plaintiff's Complaint contained allegations which pre-dated November 8, 2012 and Stallion's Bankruptcy, such as Plaintiff's 2009 layoff.  Accordingly, it was proper for Magistrate Judge Wang to examine which claims were time-barred under the ADEA, ADA, and CADA.  Additionally, Plaintiff asserts that Magistrate Judge Wang should not have dismissed his CADA claims.  However, because the Court determines that Judge Wang's conclusions regarding Plaintiff's ADEA and ADA claims were correct, and because his CADA claims parallel his federal claims, Plaintiff's objection fails.

A.      **THE BURDEN OF PROOF**

Plaintiff objects that Magistrate Judge Wang erred in applying the "trial burden of proof and trial evidentiary requirement," rather than applying the *Twombly/Iqbal* standard.  (Doc. # 59 at 4.)  However, Magistrate Judge Wang specifically acknowledged that a plaintiff need not establish a *prima facie* case of discrimination in his or her complaint in order to survive a motion to dismiss, and, quoting *Khalik v. United Air Lines*, 671 F.3d 1188, 1192 (10th Cir. 2012), correctly noted that the Court could still look to the "elements of each alleged cause of action to help determine whether Plaintiff has set forth a plausible claim."  (Doc. # 58.)  Plaintiff alleges that notwithstanding this acknowledgement, Magistrate Judge Wang still required him to establish a *prima facie* case and "assert[ed] that such elements are required to meet the Standard of Review she relied upon."  (Doc. # 49 at 5.)

Plaintiff does not, however, **explain** how Magistrate Judge Wang "required" him to show a *prima facie* case, and a close examination of her Recommendation reveals that she did no such thing.  Rather, her analysis comported with *Khalik*: she looked at the elements of the law to guide her determination as to whether Plaintiff had "sufficiently stated plausible claims" under the ADA or the ADEA, because "general assertions of discrimination . . ., are insufficient to survive a motion to dismiss.  While specific facts are not necessary, some facts are."  671 F.3d at 1193 (brackets, citation, and internal quotation marks omitted).  As such, Magistrate Judge Wang did not err in looking to the elements of disability and age discrimination claims to determine whether Plaintiff plausibly stated a claim.

On a similar note, Plaintiff argues that it was inappropriate for Magistrate Judge Wang to mention the *McDonnell-Douglas prima facie* framework because "direct evidence of discrimination is plausibly pled." (Doc. # 59 at 4.) "Direct evidence is evidence, which if believed, proves the existence of a fact in issue without inference or presumption." *Hall v. U.S. Dep't of Labor*, 476 F.3d 847, 855 (10th Cir.2007). Stated differently, "[d]irect evidence demonstrates on its face that the employment decision was reached for discriminatory reasons." *Riggs v. AirTran Airways, Inc.,* 497 F.3d 1108, 1117 (10th Cir. 2007). Plaintiff does not elaborate on what "direct evidence" of discrimination he pleaded and the only evidence the Court could identify in the Complaint is his allegation that "[t]hroughout Plaintiff's employment, co-workers repeatedly made offensive comments regarding his age." (Doc. # 4, ¶ 23.) However, Plaintiff provided no further factual support for this allegation: i.e., he did not elaborate as to which coworkers made offensive comments, what those comments were, or when they were made. Accordingly, Plaintiff failed to plausibly plead direct evidence of discrimination. In any event, as explained above, Magistrate Judge Wang did not incorrectly "require" that Plaintiff plead a *prima facie* case. Rather, she merely tested his factual allegations against the legal elements to determine if he plausibly stated a claim.

## B.   THE "BUT FOR" STANDARD AND JUDGE WANG'S DETERMINATION REGARDING CAUSATION

Plaintiff asserts that Magistrate Judge Wang incorrectly required him to allege facts that would support a claim that his age was the "but for" cause of his termination: "[i]n this Circuit, since at least *Jones* [*v. Oklahoma City Public Schools*, 617 F.3d 1273,

1277-78 (10th Cir. 2010)], an employer may be held liable for Age Discrimination even if other factors contributed to the termination as long as age was the factor that made the difference." (Doc. # 59 at 5-6.) *Jones*, however, did not abrogate a "but-for" causation requirement; rather, it **defined** that requirement in holding that age need not be the "sole" motivating factor: "Instead, an employer may be held liable under the ADEA if other factors contributed to its taking an adverse action, as long as 'age was the factor that made a difference.'" *Jones*, 617 F.3d at 1277 (quoting *Wilkerson v. Shinseki*, 606 F.3d 1256, 1266 (10th Cir. 2010)). Magistrate Judge Wang specifically cited and properly applied this more nuanced definition of "but-for" causation from *Jones*. (Doc. # 58 at 9.)

Plaintiff also asserts that Magistrate Judge Wang erred in determining that he did not allege sufficient facts to support his claim that age was "the factor that made a difference" in his termination. Without explaining how or why, Plaintiff asserts that "[a]s Plaintiff's Complaint makes clear, his age made a difference" and "Plaintiff's Complaint provides more than simple speculation." (*Id.* at 6.) Plaintiff's sole allegations pertaining to disparate treatment on account of age are as follows: (1) in 2011, he observed he was one of the oldest workers at the facility, and (2) prior to his termination, unidentified coworkers (i.e., not a decisionmaker) made "offensive comments" regarding his age. (Doc. # 4, ¶¶ 21-23.) Judge Wang correctly concluded that neither of these allegations is probative of a causal connection of any kind between Plaintiff's age and Anderson's decision to terminate him, much less indicative that his age was "the factor that made the difference":

> Plaintiff does not identify who made the derogatory comments, whether those individuals had any role in management or the determination of whether he was retained or not as an employee, when they were made, or the context in which they were made.  Nor does he allege a nexus between these comments and Mr. Anderson's actions; the court is simply left to assume that one exists.  *See Khalik*, 671 F.3d at 1194 (affirming order granting employer's motion to dismiss and stating 'there is nothing more than sheer speculation to link . . . the termination to a discriminatory or retaliatory motive).

(Doc. # 58 at 9); *see also Medlock v. United Parcel Serv., Inc.,* 608 F.3d 1185, 1197

(10th Cir. 2010) (internal citation omitted) ("In order to rely on age related statements,

[plaintiff] must show that they were made by a decision maker, and that there was a

nexus between the discriminatory statements and the decision to terminate.")

Plaintiff also contends that his "[c]omplaint raises the specter of whether or not

the discharge for alleged violations of the company policy was legitimate under the

circumstances pled, thus, demonstrating pled pretext."  (*Id.*)  This argument effectively

puts the cart before the horse:  without evidence of a causal connection between

Plaintiff's age and his termination, evidence that Defendants' purported reason for

termination was not the actual reason for his termination is irrelevant, particularly

because the only evidence of pretext here (that a manager was not required to submit

to being watched during his drug test) relates in no way to age.

## C.    PLAINTIFF'S DISABILITY CLAIM

A "disability" is a "physical or mental impairment that substantially limits one or

more major life activities." 42 U.S.C. § 12102(1)(A); see also *Toyota Motor Mfg., Ky.,*

*Inc. v. Williams*, 534 U.S. 184, 195 (2002) ("Merely having an impairment does not

make one disabled for purposes of the ADA.  Claimants also need to demonstrate that

the impairment limits a major life activity.")  Plaintiff objects to Magistrate Judge Wang's

conclusion that he failed to allege any facts to indicate that his Lumbar Degenerative

Disc Disease or his ACL injury constituted a disability for purposes of the ADA, i.e.,

evidence that either condition "substantially limits" one or more of his major life

activities.  Specifically, he argues that "Management officials of Stallion and almost

every other employee had knowledge of his Lumbar Disease . . . [and] he was placed

on Medical Limited Ability Status, and assigned to light duty pursuant to his Physicians

[sic] work restriction."  (Doc. #59 at 7.)    That (unnamed) Management officials knew

about Plaintiff's back condition is in no way probative of the fact that the condition

"interfered with one of his major life activities."  As for his placement on Medical Limited

Ability Status, Plaintiff does not allege that his ACL injury substantially limited a major

life activity or that it resulted in long term impairment.  Accordingly, Magistrate Judge

Wang correctly concluded that Plaintiff failed to allege a "disability" for purposes of the

ADA.

Magistrate Judge Wang also correctly concluded that there was no basis for

finding that Defendants terminated Plaintiff's employment **because of** his disability; the

Complaint fails to allege a single fact to support the notion that Plaintiff's medical

condition, or any accommodation for a medical condition, led to his termination.  Even if

Plaintiff is attempting to argue that his termination was related to his disability by virtue

of the fact that marijuana was what he used to treat his disability, Magistrate Judge

Wang's citation to *Curry v. MillerCoors, Inc.*, No. 12-cv-02471-JLK, 2013 WL 4494307,

at *3 (D. Colo. Aug. 21, 2013), is well-taken.   In that case, Judge Kane held that "anti-

discrimination law does not extend so far as to shield a disabled employee from the

implementation of his employer's standard policies against employee misconduct."  *Id.*

As such, Plaintiff's termination as a result of his use of medical marijuana does not constitute discrimination.

In any case, Plaintiff does not properly object to this conclusion regarding causation,[3] arguing in a conclusory and circular fashion that his Complaint "demonstrates throughout concerning his disability discrimination being based upon his disability status and not anything having to do with the prescribed treatment for that disability." (Doc. # 59 at 8.)

## D.    PLAINTIFF'S BREACH OF IMPLIED CONTRACT CLAIM

Judge Wang recommended that Plaintiff's breach of implied contract claim should be dismissed because Defendants' drug and alcohol policy cannot be construed as a legally binding promise, either implied or express, from which Plaintiff could derive an expectation of continuing employment.  Plaintiff argues that this recommendation is in error because Plaintiff's "termination was in Breach of Stallion's drug and alcohol policy since the policy 'by its terms did not prohibit lawful use and Plaintiff never tested positive for marijuana use at work.'" (*Id.* at 9.)  Specifically, he objects that "[t]he mere fact that Stallions [sic] policy is subject to change, does not impact upon the implied contract presented since Plaintiff's pleadings make clear, there was no change in the policy during all times material and Plaintiff did not violate the policy but was fired for violation of the policy." (*Id.* at 10.)  These arguments, however, miss the mark; Judge Wang's decision properly applied Colorado contract law principles to the Drug and Alcohol Policy and cogently explained how the policy does not contain a guarantee of

---

[3] An objection is properly made if it is both timely and specific.  *United States v. One Parcel of Real Property Known As 2121 East 30th Street*, 73 F.3d 1057, 1059 (10th Cir. 1996).

continued employment for those who did not violate it.  (Doc. # 19 at 13.)  She also explained that even if a promise of continued employment could be implied, Defendants specifically disclaimed such a promise by making it clear that the policies were subject to change "without prior notice" and in reiterating that employees were "at will."  (*Id.* at 14-15.)  Indeed, Plaintiff signed two separate "Handbook Acknowlegments" of his at-will status.  (Doc. # 4-2.)

Notwithstanding Judge Wang's analysis of Plaintiff's failure to state a claim for breach of contract, because Plaintiff's federal claims are properly dismissed, the Court will decline to exercise supplemental jurisdiction:  "When all federal claims have been dismissed, the court may, and usually should, decline to exercise jurisdiction over any remaining state claims."  *Koch v. City of Del City*, 660 F.3d 1228, 1248 (10th Cir. 2011) (quoting *Smith v. City of Enid ex rel. Enid City Comm'n*, 149 F.3d 1151, 1156 (10th Cir.1998)); *see also United Mine Workers of Am. v. Gibbs*, 383 U.S. 715, 726 (1966) (footnote omitted) ("Needless decisions of state law should be avoided both as a matter of comity and to promote justice between the parties, by procuring for them a surer-footed reading of applicable law. Certainly, if the federal claims are dismissed before trial, even though not insubstantial in a jurisdictional sense, the state claims should be dismissed as well.")

## IV.  CONCLUSION

The Court has conducted a *de novo* review of this matter, including reviewing all relevant pleadings, the Recommendation, and Plaintiff's objection thereto.  Based on this *de novo* review, the Court concludes that Magistrate Judge Wang's Recommendation is correct and is not called into question by Plaintiff's Objections.

Case 1:14-cv-02376-CMA-NYW   Document 62   Filed 05/26/15   USDC Colorado   Page 12 of 12

Accordingly, it is hereby ORDERED that Plaintiff's Objections (Doc. # 59)  are

OVERRULED.  It is

FURTHER ORDERED that the Recommendation of United States Magistrate

Judge Wang (Doc. # 58) is AFFIRMED and ADOPTED as an order of this Court.

Pursuant to the Recommendation, it is

FURTHER ORDERED that Defendants' Motion to Dismiss for Failure to State a

Claim (Doc. # 19) is GRANTED.  It is

FURTHER ORDERED that Plaintiff's claims are DISMISSED WITHOUT

PREJUDICE and that this case is DISMISSED in its entirety.  It is

FURTHER ORDERED that the Joint Motion to Stay Remaining Discovery

Pending Ruling on Recommendation of United States Magistrate Judge Regarding

Defendants' Motion to Dismiss (Doc. # 61) is DENIED as moot.

DATED:      May 26, 2015

BY THE COURT:

_____
CHRISTINE M. ARGUELLO
United States District Judge

12